### Juan FERMIN, Plaintiff,

v.

### UNITED STATES of America, Defendant.

### Nos. 09 Civ. 4391, 91 Cr. 0634.

United States District Court, S.D. New York.

Oct. 8, 2009.

---

Juan Fermin, White Deer, PA, pro se.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Petitioner Juan Fermin ("Fermin") brought this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (" § 2255"). He alleges ineffective assistance of counsel in connection with an earlier § 2255 motion Fermin had filed, as well as with issues arising from his resentencing in 2006 and related appeal. The Government responds that counsel was procedurally barred from relitigating matters raised in Fermin's first § 2255 petition, and that at Fermin's resentencing and appeal his attorneys extensively argued and the courts fully considered the particular issues Fermin alleges in the instant petition that counsel failed to raise. Upon review of the petition, the Government's opposition and Fermin's reply, as well as other files and records of the case, the Court denies the petition.

The Court finds nothing in Fermin's petition demonstrating that counsel's performance "fell below an objective standard of reasonableness" under prevailing professional norms, or that but for counsel's deficient representation "the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–89, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Rather, what the petition reflects is Fermin's dissatisfaction with the results of his conviction and sentencing, the denials of his numerous post-conviction motions and appeals, and his continuing

efforts to relitigate issues previously decided against him.

■ The Court agrees with the Government's contention that Fermin's objection regarding counsel's failure to raise issues with respect to his original § 2255 application, which had been previously rejected by the sentencing court and on appeal, constitutes an improper attempt to prosecute a "second or successive" § 2255 petition. *See* 28 U.S.C. § 2255(h). Upon examining Fermin's § 2255 claim in this petition, and the record in the District Court and on appeal, the Court is satisfied that the issues Fermin raises here were considered and decided in the earlier proceedings. *See United States v. Fermin*, 32 F.3d 674 (2d Cir.1994); *Fermin v. United States*, Nos. 91 Civ. 4127, 99 Civ. 4128, 2000 WL 12133 (S.D.N.Y. Jan. 6, 2000); *United States v. Fermin*, 277 Fed.Appx. 28 (2d Cir.2008).

■ For the same reasons, and relying on the same record, the Court finds no merit in Fermin's challenge to his counsel's performance for allegedly failing to raise arguments at his 2006 resentencing with regard to Fermin's conviction under 18 U.S.C. § 924(c). As the Government points out, that conviction had been vacated by the District Court in 2000, rendering moot any issue relating to it at the 2006 resentencing. Insofar as Fermin's objection pertains to the appropriateness of a two-level enhancement under the Sentencing Guidelines imposed by the sentencing court for possession or use of a firearm in connection with a drug trafficking offense, counsel's extensive Sentencing Submissions and the transcript of the District Court's resentencing proceeding sufficiently establish that the firearm enhancement issue was vigorously argued by counsel and considered by the court. That counsel for strategic reasons may have focused argument on one aspect of the applicable

standard, or failed to persuade the court not to apply the enhancement, does not constitute sufficient ground to support a claim of ineffective representation. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052 (cautioning against a defendant's or court's second-guessing, through application of hindsight, performance of counsel that turns out unsuccessful); *Cuevas v. Henderson*, 801 F.2d 586, 590 (2d Cir. 1986).

■ Similarly, the Court finds that the record, in particular counsel's Sentencing Submission and the transcript of the resentencing hearing, sufficiently demonstrate that counsel challenged, under *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), Fermin's conviction of a charge of participating in a continuing criminal enterprise to distribute unlawful drugs. That the resentencing court, after due consideration, rejected Fermin's arguments, is also insufficient by itself to give rise to a claim of ineffective assistance of counsel. Accordingly, the court denies the petition on this ground.

Because Fermin has not sufficiently demonstrated that he has a plausible claim, and that the files and records of the case conclusively show that he is entitled to no relief, the Court finds that no evidentiary hearing on the petition is required. *See* 28 U.S.C. § 2255; *United States v. Tarricone*, 996 F.2d 1414, 1417–18 (2d Cir. 1993).

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of Juan Fermin ("Fermin") for an order to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

Because Fermin has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

**SO ORDERED.**